UNITED STATES DISTRICT COURT
FOR THE STATE OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| COLE ERICKSON,<br><br>   Plaintiff,<br><br>v.<br><br>ACUTE CARE SURGICAL SPECIALISTS, LLC; TEMPE EMERGENCY PHYSICIANS, LTD.; THE MEDICAL DIAGNOSTIC IMAGING GROUP, LTD; ST. LUKE'S MEDICAL CENTER LP; CITY OF PHOENIX; SCOTTSDALE HEALTHCARE, CORP d/b/a SCOTTSDALE HEALTHCARE, an Arizona Corporation; THE PHIA GROUP, LLC; MERITAIN HEALTH, INC.; IASIS HEALTHCARE CORPORATION; JOHN DOES and JANES DOES 1-X; and BLACK AND WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X,<br><br>   Defendants. | CASE NO. _____<br><br>**VERIFICATION** |

THE STATE OF WISCONSIN    §

COUNTY OF WASHINGTON    §

  BEFORE ME, the undersigned Notary Public, on this day personally appeared, Bradley Matthiesen, who, being by me duly sworn on oath deposed and states that he has enclosed true and complete copies of all pleadings and other documents filed in the Superior Court for the State of Arizona in an for the County of Maricopa, Case No. CV2017-002602.

                 _/s/_____

Subscribed and sworn to before me this
20th day of April, 2017,

_/s/ Shanna Kreilkamp_
Notary Public
Commission Expires 2/3/18

**EXHIBIT 1**

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: 4/19, 20 17

MICHAEL K. JEANES, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By d. Jakobasic, Deputy

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest_____4/19_____20_17_

MICHAEL K JEANES, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By___d. Jackobas/C___Deputy

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest _____9/19_____ 20_17_

MICHAEL K. JEANES, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By _d. Jakobaslc_ Deputy

MICHAEL K. JEANES, CLERK
BY
D. Lopez
DEP
D. LOPEZ, FILED

17 JAN 20 PM 5:02

Larry A. Zier, Esq., SBN 017090
LAW OFFICE OF LARRY A. ZIER, P.C.
7339 East Sixth Avenue
Scottsdale, AZ 85251
(480) 990-8783
minuteentries@zierlaw.com

Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| COLE ERICKSON, | Case No. CV2017-002602 |
| Plaintiff, | |
| vs. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| ACUTE CARE SURGICAL SPECIALISTS, LLC; TEMPE EMERGENCY PHYSICIANS, LTD.; THE MEDICAL DIAGNOSTIC IMAGING GROUP, LTD.; ST LUKE'S MEDICAL CENTER LP; CITY OF PHOENIX; SCOTTSDALE HEALTHCARE CORP d/b/a SCOTTSDALE HEALTHCARE, an Arizona corporation; THE PHIA GROUP, LLC; MERITAIN HEALTH, INC.; IASIS HEALTHCARE CORPORATION; JOHN DOES and JANE DOES I-X, ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X, | |
| Defendants. | |

The undersigned certifies that he or she knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case **IS NOT** subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 20th day of January, 2017.

LAW OFFICE OF LARRY A. ZIER, P.C.

By _____
Larry A. Zier, Esq.
Attorney for Plaintiff

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
BY N. Butzbach  DEP
N. BUTZBACH, FILED
17 MAR 23 AM 11: 22

Inv. # 117078

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**COLE ERICKSON**

Plaintiff / Petitioner,

vs.

**ACUTE CARE SURGICAL SPECIALISTS, L.L.C.; et al.**

Defendant / Respondent.

NO. CV2017-002602
CERTIFICATE OF SERVICE

**Geoffrey Roberts**, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from    **Larry A. Zier c/o LAW OFFICE OF LARRY A. ZIER**    on    3/20/17    ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:** **MEDICAL DIAGNOSTIC IMAGING GROUP, LTD., c/o MH Service, L.L.C.**

**DATE & TIME:** 3/21/17 10:00am
**PLACE &** 201 E. WASHINGTON STE.800 PHOENIX, AZ 85004, which is his/her place of business.
**MANNER:** By serving Tom Quigley, Attorney, a person authorized to accept such service on their behalf, in person.

Description of the Named: Male; Age: 60's, Ht: 6' 3in., Wt: 230, Eyes: brown; Hair: grey, Ethnicity: Cauc.

**Statement of Costs**
| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness Advances | |
| Cert. Prep | $10.00 |
| Other | |
| Total | $50.00 |

Affiant Registered in
Maricopa County

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
BY  N. Butzbach  DEP
N. BUTZBACH, FILED
17 APR -3 PM 3:58

Inv. # 117079

**SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

**COLE ERICKSON**

Plaintiff / Petitioner,

vs.

**ACUTE CARE SURGICAL SPECIALISTS, L.L.C.; et al.**

Defendant / Respondent.

NO. CV2017-002602
CERTIFICATE OF SERVICE

**Tina Nemeth**, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from _Larry A. Zier c/o LAW OFFICE OF LARRY A. ZIER_ on _3/20/17_;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:** ACUTE CARE SURGICAL SPECIALISTS, L.L.C., c/o Francisco Rodriguez

**DATE & TIME:** 3/28/17 1:00pm
**PLACE &**
**MANNER:** 9250 N. 3RD STREET STE.3015 PHOENIX, AZ 85020, which is his/her place of business.
By serving Sharay Calhoun, Medical Assistant, a person authorized to accept such service on their behalf, in person.

3/20/17@12:45pm 9250 N. 3rd Street, Ste.3015, Phoenix, 85020 The office located at this address is closed at this time.
3/22/17@10:55am The office is closed. 3/24/17@1:20pm The office is closed. I found a phone number and called. This office is only open on Tuesdays after 1pm. Description of the Named: Female, Age: 30's, Ht: 5' 7in., Wt: 155, Eyes: brown, Hair: black, Ethnicity: Black

**Statement of Costs**
Services      $16.00
Mileage       $48.00
Sp. Handl.
Witness
Advances
Cert. Prep    $10.00
Other
Total         $74.00

Affiant Registered in
**Maricopa County**

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

MICHAEL K. JEANES
Clerk of the Superior Court
By Darlene Lopez, Deputy
Date 01/20/2017 Time 17:02:42

| Description | Amount |
|---|---|
| CASE# CV2017-002602 | |
| CIVIL NEW COMPLAINT | 319.00 |
| TOTAL AMOUNT | 319.00 |
| Receipt# 25696028 | |

Larry A. Zier, Esq., SBN 017090
LAW OFFICE OF LARRY A. ZIER, P.C.
7339 E. 6th Avenue
Scottsdale, AZ 85251
(480) 990-8783
minuteentries@zierlaw.com

Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| COLE ERICKSON,<br><br>Plaintiff,<br><br>vs.<br><br>ACUTE CARE SURGICAL SPECIALISTS, LLC; TEMPE EMERGENCY PHYSICIANS, LTD.; THE MEDICAL DIAGNOSTIC IMAGING GROUP, LTD.; ST LUKE'S MEDICAL CENTER LP; CITY OF PHOENIX; SCOTTSDALE HEALTHCARE CORP d/b/a SCOTTSDALE HEALTHCARE, an Arizona corporation; THE PHIA GROUP, LLC; MERITAIN HEALTH, INC.; IASIS HEALTHCARE CORPORATION; JOHN DOES and JANE DOES I-X, ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X,<br><br>Defendants. | CASE NO. CV2017-002602<br><br>**COMPLAINT**<br><br>**DECLARATORY RELIEF**<br><br>---<br><br>**TORTIOUS BREACH OF INSURANCE CONTRACT- IASIS HEALTHCARE CORPORATION**<br><br>(Compensatory and Punitive Damages)<br><br>1. Declaratory Relief<br>2. Breach of Duty of Good Faith and Fair Dealing<br>3. Breach of Contract<br>4. Bad Faith<br>5. Tortious Interference with Contract<br>6. Negligence |

Plaintiff alleges as follows:

**PLAINTIFF, FOR A FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF, ALLEGES:**

1. Plaintiff COLE ERICKSON, was, at all material times, a resident of Maricopa County, Arizona.

1

2. At all times relevant hereto, Defendants were duly formed corporations, doing business in Maricopa County, Arizona.

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants JOHN DOES I-X, ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein is legally responsible in some manner for the events and happenings herein referred to.

4. That at all times herein mentioned, Defendants, and each of them, were the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of his agent.

5. The acts out of which this cause of action arose occurred in Maricopa County, Arizona.

6. On or about December 10, 2015, Plaintiff was involved in an automobile collision and sustained injuries for which he required medical treatment and incurred medical expenses.

7. Plaintiff sought treatment from Defendants as a result of his injuries.

8. Defendants charged certain fees for their services; or provided payment with respect to same; or were responsible for paying or securing payment for said treatment; and are now seeking payment or reimbursement, the reasonableness of some or a portion of which, or responsibility for some or a portion of which, Plaintiff contests.

9. Plaintiff has attempted to negotiate a solution to this matter with Defendants, without success. Plaintiff is ready, willing and able to pay any reasonable sums due and owing, as this Court might deem appropriate.

10. Plaintiff desires a judicial determination of the rights and obligations of the parties hereto, with respect to the amount of money, if any, owned by Plaintiff to Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. Plaintiff is seeking a Declaration as to the respective rights and obligations of the parties hereto, including the sum, if any, to which Defendants are entitled;

B. That Defendants, and each of them, be enjoined and restrained from instituting any separate action against Plaintiff, any individual or entity for sums due and owing, if any, to Defendants.

C. That, upon adjudication of this matter, Plaintiff be permitted to pay into Court the sum, if any, due and owing and that Plaintiff (and his attorneys) be discharged from any further liability to any named or un-named Defendant.

D. For reasonable attorney's fees and costs; and

E. For such other and further relief as the Court deems just and proper.

**PLAINTIFF, FOR A SECOND CAUSE OF ACTION FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING (AGAINST DEFENDANT SCOTTSDALE HEALTHCARE CORP d/b/a SCOTTSDALE HEALTHCARE, an Arizona corporation), ALLEGES:**

11. Defendant SCOTTSDALE HEALTHCARE CORP d/b/a SCOTTSDALE HEALTHCARE (hereinafter referred to as "SCOTTSDALE HEALTHCARE") provided certain treatment and medical services to Plaintiff.

12. At all times material hereto, Plaintiff was insured under a medical/ heath insurance policy (hereinafter referred to as the "Policy"), issued and/ or administrated by Defendants THE PHIA GROUP, LLC and MERITAIN HEALTH, INC.

13. Defendant SCOTTSDALE HEALTHCARE was a party to certain health insurance and related agreements, pursuant to which Plaintiff received coverage under his applicable healthcare coverage.

14. Defendant SCOTTSDALE HEALTHCARE has breached its duties of fair dealing and good faith owed to Plaintiff in the following respects:

(A) Failure to comply with the terms of the Policy and related agreements at time when Defendant knew that Plaintiff was entitled to said benefits under the

3

Policy and that it was bound by the pertinent agreements and contracts with respect thereto;

(B) Misrepresenting to Plaintiff pertinent provisions or facts relating to the coverage and the Policy in issue and unlawfully and fraudulently attempting to obtain funds from Plaintiff and payment to which it was not entitled;

(C) Intentionally failing and refusing to comply with the specific terms of the settlement agreement reached with Plaintiff with respect to its lien/ claim(s) asserted against Plaintiff or his third party recovery;

(D) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the dispute which arose between it and Plaintiff (after it had already entered into a settlement agreement with Plaintiff);

(E) By other acts or omission of Defendants.

15. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, in an amount to be determined at trial.

16. As a further proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages, all to Plaintiff's general damage in an amount to be determined at trial.

17. Defendants' conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, or annoy Plaintiff, such as to constitute oppression, fraud, or malice, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

**PLAINTIFF FOR A THIRD CAUSE OF ACTION, FOR BREACH OF CONTRACT (AGAINST DEFENDANT SCOTTSDALE HEALTHCARE CORP d/b/a SCOTTSDALE HEALTHCARE, an Arizona corporation), ALLEGES:**

18. Plaintiff refers to the foregoing paragraphs and incorporates those paragraphs as though set forth in full in this cause of action.

4

19. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contract of insurance referred to herein.

20. Defendants, and each of them, have breached their contract to Plaintiff by the acts or omissions set forth in the Second Cause of Action, particularly those set forth in paragraph 14 of the Second Cause of Action, all to Plaintiff's damage as set forth herein and according to proof a trial.

**PLAINTIFF, FOR A FOURTH CAUSE OF ACTION FOR BAD FAITH, (AGAINST DEFENDANT IASIS HEALTHCARE CORPORATION) ALLEGES:**

21. Plaintiff refers to the foregoing paragraphs and incorporate same as though set forth fully herein.

22. Defendant IASIS HEALTHCARE CORPORATION is, on information and belief, a duly formed corporation, which is an insurer providing health insurance and other benefits and issued the health insurance policy bearing Group Number 14092 (referred to above as "the Policy") in terms of which Plaintiff was insured.

23. All premiums due under the Policy, were, at all material times relevant hereto, paid and further, Plaintiff, the named insured under the Policy, has performed all obligations under the Policy on his part to be performed.

24. Plaintiff timely made claims for health insurance benefits under the Policy due to said automobile accident.

25. Defendant IASIS HEALTHCARE CORPORATION failed and/or refused to afford, extend or allow medical coverage to Plaintiff for the injuries he sustained in the subject automobile accident.

26. Defendants, and each of them, breached their duties to Plaintiff in the following respects:

   (A) Failure to allow, extend or afford coverage to Plaintiff at a time when Defendants knew that Plaintiff was entitled to said benefits under the Policy.

   (B) Withholding benefits or causing benefits to be withheld from Plaintiff knowing the claim for benefits under the Policy to be valid.

5

(C) Failing to provide or cause to be provided to Plaintiff, benefits pursuant to said claims at a time when Defendants had sufficient information within their possession to justify said action.

(D) Misrepresenting to Plaintiff pertinent provisions or facts relating to the coverage or policy provisions in issue.

(E) Failure to reasonably and promptly investigate and process Plaintiff's claims under the Policy.

(F) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims.

(G) Denials of Plaintiff's claims and demands.

(H) Excluding or causing to be excluded, coverage for Plaintiff after the commencement of the Policy extending coverage, with no new facts to justify such action and for no valid reason pursuant to the Policy or law.

(I) Failure to contract with competent personnel for the prompt and proper investigation and processing of Plaintiff's claims under the Policy.

(J) By other acts or omission of Defendants.

27. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, special damages, pursuant to the terms of the Policy in an amount to be determined at trial.

28. As a further proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages, all to Plaintiff's general damage in an amount to be determined at trial.

29. This intentional and unlawful conduct on the part of Defendants was outside the bounds of acceptable or decent conduct in a civilized community. Defendants' conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, or annoy Plaintiff, such as to constitute oppression, fraud, or malice. This conduct entitles Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

30.     As a direct and proximate result of the unlawful conduct of the Defendants herein, Plaintiff has been damaged as set forth in the previous causes of action of this complaint.

**PLAINTIFF, FOR A FIFTH CAUSE OF ACTION, FOR TORTIOUS INTERFERENCE WITH CONTRACT (AGAINST DEFENDANTS THE PHIA GROUP, LLC and MERITAIN HEALTH, INC.) ALLEGES:**

31.     Plaintiff refers to the foregoing paragraphs and incorporate same as though set forth fully herein.

32.     Defendants THE PHIA GROUP, LLC and MERITAIN HEALTH, INC. are, on information and belief, benefits management organizations and were retained with respect to the policy. Plaintiff was an insured under the Policy.

33.     Defendants THE PHIA GROUP, LLC and MERITAIN HEALTH, INC. have intentionally and unlawfully failed or refused to (timely or at all) provide accurate claims and other information to each other and/or the entity providing or issuing the Policy, to Plaintiff and to others. Further, on information and belief, Defendant THE PHIA GROUP, LLC and MERITAIN HEALTH, INC. intentionally and unlawfully conspired and caused or contributed to the unlawful denial of health insurance benefits, pursuant to the Policy, to Plaintiff. Defendants acted out of spite or malice and without any rational or lawful basis. Defendants failed or refused to timely (or at all), *inter alia*, correct said reporting or other conduct to the entity providing or issuing the Policy; or to secure health insurance payments to or on behalf of Plaintiff, as required; or to comply with the Policy or to recommend or instruct each other or the entity providing or issuing the Policy to comply.

34.     Defendants THE PHIA GROUP, LLC and MERITAIN HEALTH, INC. intentionally and unlawfully interfered with a valid contract or contractual relationships between Plaintiff and the entity providing or issuing the Policy and Plaintiff's medical providers.

35.     At all material times, Defendants THE PHIA GROUP, LLC and MERITAIN HEALTH, INC. had knowledge of the contracts or contractual relationships and intended to cause one of the parties to the contract (the entity providing or issuing the policy) to commit a breach or to facilitate same.

7

36. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damage, according to proof at trial.

37. This intentional and unlawful conduct on the part of Defendants was outside the bounds of acceptable or decent conduct in a civilized community, entitling Plaintiff to an award of punitive damages.

38. Defendants THE PHIA GROUP, LLC and MERITAIN HEALTH, INC. intentionally and unlawfully interfered with a valid contract or contractual relationships between Plaintiff and the entity providing or issuing the Policy.

39. At all material times, Defendants THE PHIA GROUP, LLC and MERITAIN HEALTH, INC. had knowledge of the contract or contractual relationship and intended to cause one of the parties to the contract (the entity providing or issuing the Policy) to commit a breach.

40. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damage, according to proof at trial.

41. This intentional and unlawful conduct on the part of Defendants was outside the bounds of acceptable or decent conduct in a civilized community, entitling Plaintiff to an award of punitive damages.

42. Defendants' conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, or annoy Plaintiff, such as to constitute oppression, fraud, or malice, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

**PLAINTIFF, FOR A SIXTH CAUSE OF ACTION, FOR NEGLIGENCE (AGAINST DEFENDANTS IASIS HEALTHCARE CORPORATION, PHIA GROUP, LLC and MERITAIN HEALTH, INC.), ALLEGES:**

43. Plaintiff refers to the foregoing paragraphs, and incorporates those paragraphs as though set fourth in full in this cause of action.

44. As a direct and proximate result of the negligent acts and conduct of the Defendants herein, Plaintiff has been damaged as set forth in the previous causes of action of this complaint.

8

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A. Damages for failure to provide benefits under the Policy in an amount to be determined at trial;

B. Special damages according to proof at trial;

C. General damages for emotional distress and other incidental damages in an amount to be determined at trial;

D. For punitive damages in an amount to be determined at trial;

E. For reasonable attorney's fees as the court deems just and proper;

F. For costs of suit incurred herein; and,

G. For such other and further relief as the court deems just and proper.

DATED this 20th day of January, 2017.

LAW OFFICE OF LARRY A. ZIER, P.C.

By: _____
Larry A. Zier, Esq.
Attorney for Plaintiff

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest 4/19 20 17
MICHAEL K. JEANES, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By _____ Deputy

9

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
S. Bagnall, Deputy
4/5/2017 11:44:00 AM
Filing ID 8227958

Larry A. Zier, Esq., SBN 017090
LAW OFFICE OF LARRY A. ZIER, P.C.
7339 East Sixth Avenue
Scottsdale, AZ 85251
(480) 990-8783
minuteentries@zierlaw.com

Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| COLE ERICKSON,<br><br>  Plaintiff,<br><br>vs.<br><br>ACUTE CARE SURGICAL SPECIALISTS, LLC; TEMPE EMERGENCY PHYSICIANS, LTD.; THE MEDICAL DIAGNOSTIC IMAGING GROUP, LTD.; ST LUKE'S MEDICAL CENTER LP; CITY OF PHOENIX; SCOTTSDALE HEALTHCARE CORP d/b/a SCOTTSDALE HEALTHCARE, an Arizona corporation; THE PHIA GROUP, LLC; MERITAIN HEALTH, INC.; IASIS HEALTHCARE CORPORATION; JOHN DOES and JANE DOES I-X, ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X,<br><br>  Defendants. | Case No. CV2017-002602<br><br>**DECLARATION OF COMPLETION OF SERVICE BY MAIL ON DEFENDANT THE PHIA GROUP, LLC** |

STATE OF ARIZONA  )
                 ) ss.
County of Maricopa )

LARRY ZIER, being duly sworn, upon his oath, deposes and declares as follows:

1. I am counsel for Plaintiff in this action and submit this Affidavit regarding service on Defendant THE PHIA GROUP, LLC, pursuant to Rule 4.2, *Arizona Rules of Civil Procedure*, and to establish the completion of such service.

2. Defendant THE PHIA GROUP, LLC is located in Massachusetts.

3. A copy of the Summons and Complaint were mailed by certified mail, return receipt requested to Defendant.

4. The Summons and Complaint were received by Defendant on March 21, 2017. A copy of the return receipt from Defendant is attached hereto as "Exhibit A."

5. The receipt form was returned without being dated. However, the United States Postal Service website shows that Defendant was served on March 21, 2017 (*see* Exhibit "B" attached hereto).

DATED this 5th day of April, 2017.

LAW OFFICE OF LARRY A. ZIER, P.C.

By: /s/ Larry Zier
Larry A. Zier, Esq.
Attorney for Plaintiff

**ORIGINAL** of the foregoing filed and
**COPY** mailed this 5th day of April, 2017, to:

The Phia Group, LLC
c/o Adam Russo
163 Bay State Drive
Braintree, MA 02184
Defendant

By: /s/ Julie Rodriguez

The foregoing instrument is a full, true and correct copy of the original electronically filed document on file with the Clerk of the Court.

Attest 4/19 20 17
MICHAEL K. JEANES, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By J. Jakobasic Deputy

-2-



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
03/29/2017
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

03/25/2017

COURT ADMINISTRATION

**Case Number:** CV2017-002602

**Cole Erickson**

**V.**

**Acute Care Surgical Specialists L L C**

---

The Judge assigned to this action is the Honorable Jo Lynn Gentry

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 01/20/2017 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 04/20/2017. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

## Superior Court of Maricopa County - Integrated Court Information System
### Endorsee Party Listing
Case Number: CV2017-002602

| Party Name | Attorney Name | |
|---|---|---|
| Cole Erickson | Larry A Zier | Bar ID: 017090 |

The foregoing instrument is a full, true and correct copy of the original electronically filed document on file with the Clerk of the Court.

Attest 4/19 20 17
MICHAEL K. JEANES, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By d. Jakonasic Deputy